UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARCEL BEARD,<br><br>        Petitioner,<br><br>  v.<br><br>RANDY GROUNDS,<br><br>        Respondent. | 1:09-cv—01750-SKO-HC<br><br>ORDER GRANTING PETITIONER's MOTION TO AMEND THE PETITION TO NAME A PROPER RESPONDENT (DOC. 11)<br><br>ORDER DIRECTING THE CLERK TO CHANGE THE NAMED RESPONDENT TO RANDY GROUNDS<br><br>ORDER TO PETITIONER TO SHOW CAUSE IN THIRTY (30) DAYS WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES (Doc. 1) |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 13, 2009 (doc. 3.) Pending before the Court is Petitioner's motion, filed on July 21, 2010, to amend the petition, as well as the petition

1

itself, which was filed in this Court on October 5, 2009.

## I. Petitioner's Motion to Amend the Petition

Petitioner filed his motion in response to the Court's order of July 13, 2010, granting Petitioner leave to file the motion in order to name a proper Respondent.

Petitioner is incarcerated at the Correctional Training Facility (CTF) at Soledad, California. The warden at that facility is Randy Grounds. Petitioner requests that Randy Grounds be named as Respondent in this matter.

A petitioner seeking habeas relief must name the state officer having custody of him or her as the respondent to the petition. Rule 2(a) of the Rules Governing Section 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Normally, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner. Brittingham v. United States, 982. F.2d 378, 279 (9th Cir.1992). Therefore, Petitioner's request is proper.

Accordingly, Petitioner's motion for leave to amend the petition to name a proper Respondent in this matter will be granted, and the Clerk will be directed to change the name of the Respondent to Randy Grounds.

## II. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

III. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

3

518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a

4

> habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

  Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

5

1  Petitioner states that he did not raise grounds C and D on
2 state habeas (pet. 5), but he does not state whether he raised
3 them in other proceedings before the California Supreme Court.
4 Petitioner's descriptions of issues raised on appeal and before
5 the California Supreme Court are vague and unclear (pet. 2).
6 Petitioner does not specifically describe the proceedings in the
7 highest state court in which he exhausted his claims.
8  Therefore, upon review of the instant petition for writ of
9 habeas corpus, it appears that Petitioner has not presented his
10 numerous claims to the California Supreme Court.  If Petitioner
11 has not presented all of his claims to the California Supreme
12 Court, the Court cannot proceed to the merits of those claims.
13 28 U.S.C. § 2254(b)(1).  It is possible, however, that Petitioner
14 has presented his claims to the California Supreme Court and
15 simply neglected to inform this Court.
16  Thus, Petitioner must inform the Court if his claims have
17 been presented to the California Supreme Court, and if possible,
18 provide the Court with a copy of the petition filed in the
19 California Supreme Court, along with a copy of any ruling made by
20 the California Supreme Court.  Without knowing what claims have
21 been presented to the California Supreme Court, the Court is
22 unable to proceed to the merits of the petition.
23  IV. Disposition
24  Accordingly, it is ORDERED that:
25  1) Petitioner's motion for leave to amend the petition to
26 name Randy Grounds as Respondent in this matter is GRANTED, and
27  2) The Clerk of Court is DIRECTED to change the name of
28 Respondent to Randy Grounds; and

6

1    3)   Petitioner is ORDERED to show cause why the petition
2 should not be dismissed for Petitioner's failure to exhaust state
3 remedies.  Petitioner is ORDERED to inform the Court what claims
4 have been presented to the California Supreme Court within thirty
5 (30) days of the date of service of this order.
6    Petitioner is forewarned that failure to follow this order
7 will result in dismissal of the petition pursuant to Local Rule
8 110.

10 IT IS SO ORDERED.

11 **Dated:   September 15, 2010**            /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE