UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY MARCEL BEARD, | ) | 1:09-cv—01750-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISCHARGING THE ORDER TO |
| | ) | SHOW CAUSE THAT ISSUED ON |
| | ) | SEPTEMBER 16, 2010 (Doc. 12) |
| v. | ) | |
| | ) | ORDER DIRECTING PETITIONER TO |
| RANDY GROUNDS, | ) | WITHDRAW HIS UNEXHAUSTED CLAIM |
| | ) | WITHIN THIRTY (30) DAYS OF |
| Respondent. | ) | SERVICE OR SUFFER DISMISSAL OF |
| | ) | THE ACTION |
| | ) | |
| | | DEADLINE: THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 13, 2009 (doc. 3.) Pending before the Court is the petition, which was filed on October 5, 2010, and amended to reflect the proper Respondent on September 16, 2010.

I. Discharge of the Order to Show Cause

On September 16, 2010, the Court issued an order to Petitioner to show cause why the petition should not be dismissed

1

for Petitioner's failure to exhaust state remedies with respect to his claims. The order was served by mail on Petitioner on the same date.

On October 1, 2010, Petitioner filed a response to the order to show cause. Accordingly, the order to show cause will be discharged.

### II. Petitioner's Failure to Exhaust State Remedies with Respect to Some Claims

Petitioner alleges the following claims in the petition: 1) a great bodily injury enhancement could not lawfully be refiled after it was twice dismissed (Pet. 4)[1]; 2) there was insufficient evidence to sustain the great bodily injury enhancement (Pet. 4); 3) trial counsel rendered ineffective assistance by failing to raise an issue concerning two dismissals, failing to object to the out-of-court testimony of witness Attaway at a preliminary hearing, and depriving Petitioner of meaningful cross-examination (Pet. 5); and 4) Petitioner was deprived of his rights to confront the witnesses against him, due process of law, right to a fair trial, and the right to present a defense by the admission of Attaway's preliminary hearing testimony, a 9-1-1 tape, and a statement made to police (Pet. 5). Reference to the petition for review filed in the California Supreme Court, which Petitioner filed in response to the order to show cause, reflects that claims 1, 2, and 4 were raised in the California Supreme Court and thus were exhausted. Claim 3, however, which concerns the alleged

---

[1] Page references are to the numbers appearing in the upper right-hand corners of filed documents that are automatically assigned by the Court's electronic filing system.

2

ineffective assistance of counsel, was not raised in the California Supreme Court. (Doc. 13, 6-7, 15-25.) Thus, Petitioner failed to exhaust his state court remedies as to his third claim concerning the alleged ineffective assistance of counsel.

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the

state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.

4

>    ...
>    In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Further, where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss the petition without prejudice unless Petitioner withdraws the

unexhausted claim and proceeds with the exhausted claims in lieu of suffering dismissal.

III. Disposition

Accordingly, it is hereby ORDERED that:

1) The order to show cause that issued on September 16, 2010, is DISCHARGED; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claim. In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claim and will therefore dismiss the Petition without prejudice.[2]

IT IS SO ORDERED.

**Dated:   November 3, 2010**            /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001).
  Petitioner is further informed that the Supreme Court has held in pertinent part:
  [I]n the habeas corpus context it would be appropriate
  for an order dismissing a mixed petition to instruct
  an applicant that upon his return to federal court he is to
  bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a)
  and (b). Once the petitioner is made aware of the exhaustion
  requirement, no reason exists for him not to exhaust all potential
  claims before returning to federal court. The failure to comply
  with an order of the court is grounds for dismissal with prejudice.
  Fed. Rules Civ. Proc. 41(b). Slack v. McDaniel, 529 U.S. 473, 489
  (2000).
Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

6