# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MARCEL BEARD,<br><br>    Petitioner,<br><br>    v.<br><br>RANDY GROUNDS,<br><br>    Respondent.<br>_____ / | 1:09-cv-01750-BAM (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Following a jury trial in the Fresno County Superior Court, Petitioner was convicted of kidnapping (Cal. Penal Code[1] § 207(a); Count 1); corporal injury (§ 273.5(a); Count 2); and false imprisonment by violence (§ 236; Count 4).[2] The jury also found true that in connection with count two Petitioner personally inflicted great bodily injury on the victim (§ 12022.7(e)) and that he had served five prior prison terms (§ 667.5(b)).

Petitioner filed a timely notice of appeal. On January 27, 2009, the California Court of Appeal, Fifth Appellate District affirmed the convictions on Counts 1 and 2, and dismissed

---

[1] All further references are to the California Penal Code unless otherwise indicated.

[2] The jury was unable to reach a verdict on the charge of dissuading a witness (§ 136.1(c)(1); Count 3) and criminal threats (§ 422; Count 5), and the trial court declared a mistrial on those counts.

1  Count 4.  The case was remanded to the trial court to dismiss Count 4 and resentence Petitioner
2  on Counts 1 and 2.  On July 15, 2009, Petitioner was resentenced to 14 years, and 8 months on
3  Counts 1 and 2, and Count 4 was dismissed.

4        Petitioner then sought review in the California Supreme Court.  On April 29, 2009, the
5  California Supreme Court denied the petition for review.

6        Petitioner filed the instant petition for writ of habeas corpus on October 5, 2009.  On
7  November 23, 2010, the Court granted Petitioner's motion to delete Claims 1 and 3 as
8  unexhausted.

9        Respondent filed an answer to the petition on January 21, 2011, and Petitioner filed a
10  traverse on February 14, 2011.

## STATEMENT OF FACTS[3]

12        In the early hours of June 13, 2006, Jennifer Perez heard an unknown woman, later
13  determined to be Attaway, screaming for help.  Perez looked outside and saw Beard slam
14  Attaway's head against a car door and punch her in the head, back, and breasts.  Attaway fell to
15  the ground.  Then, Perez saw Beard kick Attaway in the head and stomach.  Perez called 911.
16  When Perez went outside, Beard drove away in a blue vehicle.  Perez spoke with Attaway who
17  was crying and appeared to be distressed.  After talking to the 911 operator, Perez handed the
18  phone to Attaway.  Attaway told the operator that she had been beaten up by Beard, and that she
19  had a prior relationship and a child with him.  She said Beard had forced her into the car earlier,
20  and when she jumped out, he followed her, hit her, and tried to choke her.  Attaway suffered a
21  number of injuries, including bruises, scrapes, and a perforated eardrum.  She sought medication
22  attention the day after the attack, with complaints of pain, nausea, vomiting, and dizziness.  She
23  told medical personnel her "significant other" had beaten her up.  Beard was later arrested while
24  driving a blue car.

---

[3] This statement of facts is taken from the California Court of Appeal, Fifth Appellate District's opinion, submitted as Lodged Document Number 6.  The state court's factual findings are presumed correct.  28 U.S.C. § 2254(d)(1), (e).

>Attaway proved to be a reluctant witness. She failed to show up at the first preliminary hearing, ignoring her subpoena. Although she testified at the second preliminary hearing, she claimed to have no memory of the assault. She remembered getting into the car with Beard, the nature and extent of her injuries and talking with Perez, but she recalled nothing about how she obtained her injuries. She did remember that Beard had threatened her after the assault, but failed to recall what she told investigating officers about the assault. Attaway did not testify at trial, despite numerous attempts to serve her with a subpoena.

(Lod. Doc. 6 at 3.)

## DISCUSSION

### I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008 (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### II. Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

>(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, __ U.S. __, 129 S.Ct. 1411, 1419 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, __ U.S. __, 131 S.Ct. 733, 737 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254

4

apply to findings of historical or pure fact, not mixed questions of fact and law.  See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion.  See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991).  However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."  Richter, 131 S.Ct. at 784.

III.     Insufficient Evidence to Sustain Great Bodily Injury Enhancement

Petitioner contends there was insufficient evidence to support the true finding on the great bodily injury enhancement.

The California Court of Appeal issued the last reasoned decision rejecting the claim on the merits and reasoned as follows:

> Beard challenges the sufficiency of the evidence to support the great-bodily-injury enhancement.  In order to succeed, he must establish that no rational jury could have concluded as it did.  The rules require us to evaluate the evidence in the light most favorable to the People and to presume in support of the judgment every fact a jury could have reasonably deduced from the evidence. (See *People v. Rayford* (1994) 9 Cal.4th 1, 23.)  If there is sufficient evidence to sustain the jury's finding of great bodily injury, we are bound to accept it, even though the circumstances might reasonably be reconciled with a contrary finding. (People v. Escobar (1992) 3 Cal.4th 740, 750.)  Section 12022.7 contains "no specific requirement that the victim suffer 'permanent,' 'prolonged' or protracted' disfigurement, impairment, or loss of bodily function." (*People v. Escobar*, *supra*, at p.750.)
>
> We conclude there is sufficient evidence to support the enhancement. Attaway suffered a number bruises all over her body and experienced facial swelling and a bump on her temple.  She experienced significant pain in her ear, as well as in her head, neck, and back – she hurt all over.  She was nauseous, dizzy, and vomiting.
>
> Attaway suffered a perforated eardrum, resulting in hearing loss and significant pain for at least 24 hours.  The treating nurse practitioner categorized the perforated eardrum as a moderate to severe injury requiring follow-up care.
>
> The lack of permanent or long-lasting injury does not preclude a finding of great bodily injury.  For example, in *People v. Mixon* (1990) 225 Cal.App.3d 1471, 1489, the victim was strangled, leaving a red mark around her neck and causing her nose to bleed.  She was also struck on the back of the head leaving a large bump and causing her momentarily to lose consciousness.  Her eyes were red, her face was bruised, and she was covered with blood from her nose.  She described the pain as excruciating.  This evidence was sufficient to support the great-bodily-injury enhancement despite no long-term injuries.  In *People v. Lopez* (1986) 176 Cal.App.3d 460, 465, one victim was shot in the buttocks and the other in the thigh.  The first victim did not feel any pain, but fell to the ground, was disoriented

and screamed.  The second victim described feeling a burning sensation in the thigh.  This again was sufficient evidence to support a great-bodily-injury enhancement.  Likewise, in *People v. Nitschmann* (1995) 35 Cal.App.4th 677, 680, 683, evidence that the victim was punched in the face and had his head rammed into a car door, causing a large gash on his face and profuse bleeding, was sufficient.  Finally, in People v. Adcock (1964) 231 Cal.App.2d 136, 139-140, the defendant assaulted the victim in her car, beat her with his fists, blackening her eyes and fracturing her nose and an eardrum.  The court found great bodily injury.

Each situation is apt to be slightly different from the next.  The only requirement is that the jury find the nature of the injury to be significant and substantial.  (§ 12022.7, subd. (f).)

(Lod. Doc. 6 at 6-7.)

The law on insufficiency of the evidence claim is clearly established.  The United States Supreme Court has held that when reviewing an insufficiency of the evidence claim on habeas, a federal court must determine whether, viewing the evidence and the inferences to be drawn from it in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  Sufficiency claims are judged by the elements defined by state law.  Id. at 324, n. 16.

Under California law, great bodily injury is defined as "a significant or substantial physical injury." § 12022.7(f).  The injury need not be permanent, nor is there a particular standard for the severity of the injury.  People v. Escobar, 3 Cal.4th 740, 750 (1992); People v. Harvey, 7 Cal.App.4th 823, 827 (1992).

In this case, there was substantial evidence to support the jury's finding that Ms. Attaway suffered great bodily injury.  As a result of the beating by Petitioner, Ms. Attaway suffered a perforated eardrum, bleeding in her left ear, hearing loss, a bump to her head causing a "real bad headache," soreness to her neck, head and abrasions to her neck, ankle, bicep, and foot.  (RT[4] 316, 322-324, 393-398.)  Nurse Practitioner Linda Land treated Ms. Attaway for her injuries and assessed her level of pain as moderate to severe.  (RT 393.)  Ms. Attaway reported that she experienced dizziness and vomited the following day.  (CT 22.)  This evidence is sufficient to support the § 12022.7 enhancement.  See People v. Escobar, 3 Cal.4th at 744-750 (rape victim's injuries, including bruises and abrasions, injury to neck, and soreness in vaginal area satisfied §

---

[4] "RT" refers to the Reporter's Transcript on Appeal and "CT" refers to the Clerk's Transcript on Appeal.

12022.7). Accordingly, the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254.

IV.   Sixth Amendment Right to Confront Witnesses

Petitioner contends the trial court erred by admitting Attaway's out-of-court statements made to officers and her 911 call and her preliminary hearing testimony in violation of his Sixth Amendment right to confront and cross-examine his accuser and the Fifth and Fourteenth Amendment rights to Due Process.

In the last reasoned decision, the California Court of Appeal found the claim to be without merit stating:

> Beard contends the trial court erred in admitting hearsay evidence in the form of the 911 call, the testimony of Officer Mendoza concerning Attaway's statements at the scene, the testimony of Detective Hunt concerning his investigative interview with Attaway, and the transcript of Attaway's preliminary hearing testimony. He also contends he was denied his Sixth Amendment right to confront witnesses.
>
> A. 911 tape
>
> Beard contends the admission of the 911 tape, admitted pursuant to Evidence Code section 1240 as a spontaneous declaration, violated the Sixth Amendment confrontation clause under the rule established by *Crawford v. Washington* (2004) 541 U.S. 36 (*Crawford*). We disagree.
>
> The United States Supreme Court has clarified that statements to a 911 operator solicited to enable the police to meet an emergency are not "testimonial" within the meaning of *Crawford*. (*Davis v. Washington* (2006) 547 U.S. 813 (*Davis*); see also *People v. Corella* (2004) 122 Cal.App.4th 461, 469 [preliminary questions asked at scene of crime shortly after it has occurred do not rise to level of interrogation].) "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." (*Davis*, *supra*, 547 U.S. at p. 822, fn. omitted.) The primary purpose of the 911 call and the statements elicited by the emergency dispatcher were to enable the police to resolve the present emergency. Attaway was "seeking aid, not telling a story about the past." (*Id*. at p. 831.)
>
> When Attaway came to Perez and was put on the phone, Attaway was still emotionally distraught. Beard had just driven off. Attaway was not at her home, she was on an unknown street, late at night and vulnerable. The 911 operator was attempting to obtain information to allow the police to respond to Perez's call and to resolve the present emergency. It was imperative for the operator to discover the perpetrator's identity; where he was or had gone; whether he was under the influence; whether he had a weapon; and whether there were children with him.

The operator asked all these questions. In addition, although Attaway declined an offer of medical assistance, the operator knew that Attaway had just suffered a serious beating and needed to verify that Attaway did not actually need medical attention.

The call falls squarely within the parameters set by *Davis*. The statements were not testimonial, and their admission under a hearsay exception did not violate the Sixth Amendment confrontation clause.

B. Preliminary hearing transcript and statements to police. [N.3]

[N.3] Beard does not identify which statements to the police he is objecting to, nor does he point to any objection to this evidence made in the trial court. Since he raises a related ineffective-assistance-of-counsel claim, we will address the merits of the issue. (*People v. Williams* (1998) 61 Cal.App.4th 649, 657.) We will assume Beard is objecting to the testimony of Officer Mendoza and Detective Hunt about statements Attaway made to them.

"A criminal defendant has the right under both the federal and state Constitutions to confront the *witnesses against him. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.)" (People* v. Wilson (2005) 36 Cal.4th 309, 340.) In *Crawford*, the United States Supreme Court held that, before testimonial hearsay evidence may be admitted, the Sixth Amendment "demands what the common law required.": unavailability and a prior opportunity for cross-examination. (*Crawford*, *supra*, 541 U.S. at p. 68; see also *People v. Seijas* (2005) 36 Cal.4th 291, 303; *People v. Smith* (2003) 30 Cal.4th 581, 609; Evid. Code, § 1291. [N. 4]) The prior preliminary hearing transcript and the statements made to police during their investigation of the crime are testimonial in nature. Beard claims they should not have been admitted because Attaway was not unavailable at trial due to the fact the prosecution did not make reasonable attempts to subpoena her. He further claims that, even if she were unavailable, he did not have a prior opportunity for meaningful cross-examination because Attaway was unable to remember much of what happened the night of the assault. The trial court resolved both issues against Beard. We agree with the trial court.

[N. 4] Evidence Code section 1291 provides that evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is (1) unavailable as a witness, and (2) the party against whom the former testimony is offered had the right and opportunity to cross-examine the declarant with a similar interest and motive. Beard's interest and motive at the preliminary hearing in cross-examining Attaway was the same as it would have been had she testified at trial: to attack the credibility of her prior inconsistent statement to police.

First, a witness is unavailable if she is absent from the hearing and the proponent of her statement has been unable to procure attendance at trial through use of the cohort's process and reasonable diligence. (Evid. Code, § 240, subd. (a)(5).) Reasonable diligence means perseverance, untiring efforts in good earnest, and/or efforts of a substantial character. (*People v. Cromer* (2001) 24 Cal.4th 889, 904.) The proponent of the evidence has the burden of establishing unavailability. (*People v. Cummings* (1993) 4 cal.4th 1233, 1297.) We independently review the trial court's determination whether the efforts to locate Attaway were sufficient to justify an exception to Beard's constitutionally guaranteed right to confrontation under the Sixth Amendment. (*People v. Cromer*, *supra*, at p. 901.) We will not, however, reverse the trial court's determination simply because in hindsight there were additional steps that could have been tried to obtain Attaway's attendance at

trial. (*People v. Diaz* (2002) 95 Cal.App.4th 695, 706.)

Prior to finding Attaway unavailable, the trial court conducted an extensive evidentiary hearing. It discovered that a subpoena had been mailed to Attaway's residence in January 2007, in accordance with Code of Civil Procedure section 1328d. Attaway knew about the trial. The People made a total of 10 attempts to serve Attaway at her residence over a period of six days at different times of day. There was no question that this was Attaway's current correct address. In addition, the district attorney's investigator talked with Attaway's son and mother on separate occasions, leaving copies of the subpoena with them. He left business cards in her mailbox, which he knew were received, because Attaway called in response to one of them. The investigator told Attaway that she needed to report to trial and he wanted to serve her, but Attaway was evasive and refused to tell him when she would be home. She said she would call when she returned home, but did not. In addition, the investigator checked with the jail visitation logs to see whether Attaway was visiting Beard, in order to determine if service could be effectuated at the jail, and checked with the school that Attaway claimed she was attending, only to discover that Attaway was not a student there. The deputy district attorney and the investigator both made numerous phone calls to the numbers they had for Attaway but no one answered. Attaway was evading service.

Similar efforts have been found to constitute due diligence. (See *People v. Wilson*, *supra*, 36 Cal.4th at p. 341 [due diligence found when investigator made efforts over two days to locate witness, including visiting his last known address, attempting to locate known associates, and checking police, county, and state records to find location]; *People v. Diaz*, *supra*, 95 Cal.App.4th at pp. 705-706 [due diligence where prosecution made five attempts to personally serve; spoke to mother and brother of witness; checked with schools witness had attended; made telephone calls to mother and brother; checked local hospitals, Dept. of Motor Vehicles, and recent arrests; victim did not want to testify because of fear of retaliation].)

In addition, Beard had a meaningful opportunity to cross-examine Attaway at the preliminary hearing, despite her feigned forgetfulness. The right of confrontation does not protect against "testimony that is marred by forgetfulness, confusion, or evasion." (*Delaware v. Fensterer* (1985) 474 U.S. 15, 22 [confrontation clause generally satisfied when defense is given opportunity to expose infirmities of testimony through cross-examination, calling to attention of fact-finder reasons why witness's testimony should be discredited]; accord, *United States v. Owens* (1988) 484 U.S. 554, 557-560 [when hearsay declarant present at trial and subject to unrestricted cross-examination, traditional protections of oath, cross-examination, and opportunity for jury to observe witness's demeanor satisfy constitutional requirements].) "[The] unwilling witness often takes refuge in a failure to remember." (3A Wigmore, Evidence (Chadbourn rev. ed. 1970) § 1043, p. 1061, fns. omitted.)

Even though Attaway claimed she could not remember the assault, she did remember getting in the car with Beard, finding herself talking with Perez in a strange locale, suffering from unexplained injuries, visiting the hospital in search of medical care for those injuries and receiving threats from Beard after the assault. She also remembered talking to police officers, although she did not remember what she said. Therefore, this case is distinguishable from those cited by Beard in which the witness claimed no recollection or refused to testify at all. (*People v. Simmons* (1981) 123 Cal.App.3d 677, 681 [declarant had retrograde amnesia and could not remember ever making statements to police; issue was whether prior

> written statement was admissible].) Despite her selective inability to remember the assault, Attaway was on the stand and subject to cross-examination. (*People v. O'Quinn* (1980) 109 Cal.App.3d 219, 228-229 [inability to remember does not preclude opportunity to cross-examine or denial of confrontation rights].) There was no Sixth Amendment violation in admitting Attaway's preliminary hearing testimony.

(Lod. Doc. 6 at 7-12.)

The Sixth Amendment guarantees a defendant the right "to be confronted with the witnesses against him." U.S. Const. Amend. VI; Davis v. Washington, 547 U.S. 813, 821 (2006). Such right, however, is "not absolute." Windham v. Merkle, 163 F.3d 1092, 1102 (9th Cir. 1998). In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause of the Sixth Amendment bars the state from introducing out-of-court statements which are testimonial in nature, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the declarant. Statements made during preliminary hearing are testimonial. Id. It is clearly established law that testimony given during a preliminary hearing is admissible at trial if the witness is unavailable and there was a prior opportunity for cross-examination. Ohio v. Roberts, 448 U.S. 56, 67-77 (1980), overruled on other grounds by Crawford v. Washington, 541 U.S. at 60-69.

    A.    Admission of Attaway's Preliminary Hearing Testimony and Statements to Police

Petitioner contends the admission of Attaway's prior testimony from the preliminary hearing and her prior statements to police at trial violated his right to confront and cross-examine the witnesses against him. For the reasons explained below, the state courts' determination was not objectively unreasonable and the evidence was properly admitted under Crawford.

    1.    Right to Cross-Examine

As previously stated, prior trial or preliminary hearing testimony is admissible at a later trial if the defendant was afforded the opportunity to cross-examine the witness. Crawford v. Washington, 541 U.S. at 57 (citing Mancusi v. Stubbs, 408 U.S. 204, 213-216 (1972); California v. Green, 399 U.S. 149, 165-168 (1970); Pointer v. Texas, 380 U.S. 400, 406-408 (1965)). The Confrontation Clause guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective whatever way, and to whatever extent, the defense might wish."

Delaware v. Fensterer, 474 U.S. 15, 20 (1985).

Here, it is without question that Petitioner was afforded the opportunity to cross-examine Ms. Attaway at the preliminary hearing. In addition, the trial court properly allowed the introduction of Officer Mendoza's testimony to impeach Ms. Attaway's prior statements, and Petitioner was not denied his right to confront Attaway. Accordingly, the California Court of Appeal reasonably found that Petitioner was not denied his due process rights.

### 2. Unavailability

In order for the unavailability requirement to be met, the government must demonstrate a good-faith effort to obtain the witness's presence at trial. Roberts, 448 U.S. at 53-54. Although the prosecution need not take every conceivable step to secure a witness, there must be evidence that reasonable steps to do so were taken. Id. at 74-77 (witness constitutionally unavailable where prosecution made good faith efforts to locate the witness by being in touch with her mother and family, who reported that they did not know of her whereabouts, and issuing a subpoena at her parents' home on five separate occasions).

This Court, after reviewing the record, concludes the California Court of Appeal's finding that the prosecution made reasonable efforts to locate Ms. Attaway is not an unreasonable application of, or contrary to, clearly established federal law, and is not based on an unreasonable determination of the facts. The evidence adduced at the due diligence hearing demonstrated that the prosecutor and the prosecutor's investigator had diligently but unsuccessfully searched for Ms. Attaway after she had appeared at the second preliminary hearing. Attaway was aware of the trial date, and the prosecution attempted to serve Attaway at her current address on 10 separate occasions at different times of the day and night. When she was contacted by the prosecutor's investigator she refused to disclose her location. Attaway claimed to be a student, however, it was discovered that she was not a student at the school she claimed to be attending. The prosecutor attempted to contact Attaway several times by telephone but there was no answer.

Based on the foregoing, Petitioner has failed to demonstrate that the state court's finding that Ms. Attaway was "unavailable" within the meaning of the Confrontation Clause deprived him of his confrontation rights, and habeas corpus relief is not available.

B.     Admission of 911 Tape Recording

Petitioner contends the admission of Attaway's out-of-court statements made to officers, her 911 call and her preliminary hearing testimony, violated his Sixth Amendment right to confront and cross-examine his accuser and Fifth and Fourteenth Amendment rights to Due Process.

In Davis v. Washington, 547 U.S. 813, 822 (2006), the United States Supreme Court held:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

In Davis, the court analyzed whether statements made to a 911 operator by a victim indicating that she had been assaulted, were testimonial in nature. The court found the statements to be non-testimonial because the objective circumstances indicated that the "primary purpose" of the police interrogation was to address an ongoing emergency and therefore the requirements set forth in Crawford were not applicable. Id. at 821-822. However, "when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution," those statements are testimonial and thus their admission would violate a criminal defendant's right under the Confrontation Clause. Id. The scope of an emergency is "a highly context-dependent inquiry." Michigan v. Bryant, __ U.S. __, 131 S.Ct. 1143, 1162-1163 (2011).

Viewed objectively, the admission of Attaway's statements to the 911 operator did not violate clearly established law as set forth in Crawford and Davis because her statements were non-testimonial since the primary purpose of the questioning was to enable police assistance to meet an ongoing emergency. Attaway told the operator that she had just suffered a serious beating by her boyfriend and she had a "bad headache" and could only hear out of one ear. At the time of the call, Attaway was "still emotionally distraught" and Petitioner had just left the scene. The operator asked questions to determine the nature of the present emergency, including a description of Petitioner and details of the assault, and the questioning was directed solely to assist in the

ongoing emergency.  (See Supp. CT 20-25.)  Under these circumstances, the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.  28 U.S.C. § 2254(d).

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED;
2. The Clerk of Court is directed to enter judgment in favor of Respondent; and
3. The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

Dated:   **November 8, 2011**          /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE